IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DANNY J. VAN VELKINBURGH                                                    MOVANT

v.                                                                No. 1:07CR126-MPM-JAD

UNITED STATES OF AMERICA                                              RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Danny J. Van Velkinburgh to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

**Facts and Procedural Posture**

Danny J. Van Velkinburgh was convicted by a jury for coercion or enticement of a female under 18 U.S.C. § 2422(b). On July 28, 2008, the court imposed a judgment that the movant serve 148 months in the custody of the United States Bureau of Prisons. Van Velkinburgh appealed the judgment, raising the following points of error:

(1) That the evidence was insufficient to support the verdict;

(2) That the district court erred in failing to give a curative instruction after the prosecutor commented on his failure to call a particular witness; and

(3) That the district court erred in failing to give the jury an instruction on spoliation of evidence regarding text messages between Van Velkinburgh and a government investigators posing as a minor girl.

The Fifth Circuit rejected these arguments and affirmed the judgment.

In the instant § 2255 motion, Van Velkinburgh makes the following claims for relief:

(1) Counsel was ineffective for failing to obtain records of text messages between Van Velkinburgh and the government investigators posing as a minor girl;

(2) Counsel was ineffective for failure to investigate the case and to call witnesses to support Van Velkingburgh's defense;

(3) Counsel was ineffective for urging Van Velkinburgh to plead guilty to avoid trial;

(4) Counsel was ineffective for failing to send Van Velkinburgh a copy of the pre-sentence investigation report prior to sentencing;

(5) Counsel was ineffective for failing to object to a two-level sentence enhancement under Section 2G1.3(b)(3)(A) of the United States Sentencing Guidelines for unduly influencing a minor.

## Ineffective Assistance of Counsel

To sustain a claim that counsel rendered ineffective assistance, a defendant must prove, (1) that counsel's performance was deficient, and (2) that counsel's deficient performance caused prejudice to the defendant's legal position. *Strickland v. Washington*, 466 U. S. 668 (1984). Under the deficiency prong of the test, Van Velkinburgh must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). To prove prejudice, petitioner must demonstrate that there is a reasonable probability that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 691, 694 (1984).

## Records of Text Messages

Van Velkinburgh challenges his lawyer's alleged failure to obtain phone records, the adequacy of his pre-trial preparation, and his conduct during the trial. Van Velkinburgh believes counsel should have obtained records of text messages between him and the undercover officers. The undercover

officer explained at trial that he was using a telephone donated to him by a cellular telephone company, and when he attempted to download the text messages, they were unavailable. Van Velkinburgh's counsel subjected the officer to withering cross-examination on this point, hammered the government for its failure to provide the supposedly incriminating text messages, and included the issue in closing arguments.

Counsel emphasized the lack of this evidence as showing reasonable doubt and reason to acquit Van Velkinburgh. Van Velkinburgh argues in the present motion that counsel should have compelled production of the text messages from the cellular phone company by subpoena. He has not, however, shown that the records existed at the time of trial – or that the agent's testimony that he had not been able to preserve the text messages was inaccurate. Van Velkinburgh's trial counsel made the strategic decision to challenge the government's case at trial by arguing that the missing texts would have exonerated Van Velkinburgh and impeaching the undercover officer's testimony. Van Velkinburgh's trial counsel also argued for a jury instruction about evidence spoliation, an issue presented to the Fifth Circuit on appeal.

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002). The court can find no fault with counsel's decision to challenge the absence of the text messages, rather than attempt to acquire them by subpoena. The nature of the other evidence presented at trial was devastating to Van Velkinburgh's defense. The evidence included sexually explicit chats with a minor girl, displaying his genitalia to the girl over the internet, and travel to Tupelo to meet the underage girl after agreeing to engage in sex with her. Given the nature of the other evidence, the text messages could well have proved far more incriminating than exculpatory, despite Van Velkinburgh's belief to the contrary.

**Uncalled Witnesses**

Van Velkinburgh believes that his attorney did not adequately investigate his case and call witnesses to support his position. He does not, however, offer any support for this proposition. Claims that counsel was deficient for failing to call additional witnesses are not favored on federal *habeas corpus* review because the presentation of witnesses is generally a matter of trial strategy, and the content of testimony not given at trial is speculative, at best. *Woodfox v. Cain*, 609 F.3d 774, 789 (5th Cir. 2010). To prevail on the issue of an uncalled witness, Van Velkinburgh must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Van Velkinburgh's bare assertion that witnesses exist who might have offered testimony of his innocence is insufficient to support this claim.

**Counsel's Advice to Plead Guilty**

Van Velkinburgh alleges that his counsel was ineffective for urging him to plead guilty and not go to trial. This claim is wholly without merit. Counsel's sound advice shows that he was fully cognizant of the evidence that the government would present at trial: sexually explicit chats, showing his genitalia to a minor girl over the internet, and travel to Tupelo to meet an underage girl to have sex with her. With knowledge of the powerful evidence possessed, counsel's advice to negotiate a plea was sound.

When Van Velkinburgh rejected that advice, counsel presented strong defense, given the nature and volume of the evidence at the government's disposal. Counsel pointed out deficiencies in the evidence, attempted to secure favorable jury instructions, and subjected prosecution witnesses to pointed, sometimes withering, cross-examination. Van Velkinburgh's counsel used his trial skills and a sound strategy to present the case in a light favorable to his client. Counsel's advice to negotiate a

deal to plead guilty constituted effective representation given the overwhelming strength of the government's case.

## Pre-Sentence Report

According to local rules and practice, pre-sentence reports are not to be given to defendants; the reports must be reviewed and returned. *See*, Standing Order, Northern District of Mississippi, C. Confidentiality of Pre-Sentence Reports. Probation Form 13D, must be signed by counsel and defendants showing that they have reviewed the pre-sentence report – and noting whether there are objections to its facts, findings, and sentencing calculations. The form was returned to the U.S. Probation Service indicating that the defendant had no objections. (See Addendum to the Pre-Sentence Report indicating that Van Velkinburgh had no objections to the pre-sentence report.) In addition, at sentencing the court asks defendants if they have reviewed the presentence report with counsel. Van Velkinburgh did not raise any objections to the pre-sentence report, its findings, or it calculations. He makes no allegation that allowing him to have a copy of the pre-sentence report, contrary to local rules, would have resulted in a different sentence.

## Sentence Enhancement

Van Velkinburgh argues that defense counsel was ineffective for failing to object to a two-point sentence enhancement for unduly influencing a minor because there was no actual minor involved in the case, only undercover officers representing themselves to be minors. As the government noted, the enhancement at issue, Section 2G1.3(b)(3)(A), U.S. Sentencing Guidelines, was applied consistently to the numerous cases prosecuted under 18 U.S.C. Section 2422(b) in the Northern District of Mississippi. However, the Sentencing Commission later enacted Amendment 732, which prohibited enhancement under Section 2422(b) when no actual minor was involved during an undercover operation. Amendment 732 did not become effective until November 1, 2009, over a year after the court entered a judgment of conviction in this case, and only 18 days prior to the date

that judgment was affirmed on appeal. Amendment 732 made clear that the enhancement under § 2422(b) was inapplicable to cases where there was not an actual minor. In issuing Amendment 732 the Sentencing Commission rejected the Eleventh Circuit's holdings to the contrary in *United States v. Root*, 296 F.3d 1222, 1233 (11th Cir. 2002), *United States v. Vance*, 494 F.3d 985, 996 (11th Cir. 2007) and *United States v. Faris*, 584 F.3d 756, 760 (11th Cir. 2009) (all upholding use of enhancement for unduly influencing minor in undercover cases with no actual minor either under Sections 2G1.3(b)(2)(B)(ii) and 2G3.2(b)(2)(B)(ii)). Instead, the Commission agreed with the Sixth and Seventh Circuit Courts of Appeal, which found that the enhancement was not appropriate in undercover cases where no actual minor was involved. *United States v. Chriswell*, 401 F.3d 459, 469 (6th Cir. 2005) and *United States v. Mitchell*, 353 F.3d 552, 554, 557 (7th Cir. 2003).

Prior to Amendment 732's enactment, the Fifth Circuit Court of Appeals had never ruled on the application of Section 2G1.3(b)(2)(B)(ii) to undercover operations, and there was no way for counsel to predict how the Fifth Circuit might have ruled had the issue come before it. It is not ineffective for counsel to fail to anticipate changes in the law. *United States v. Fields*, 565 F.3d 290, 294-95 (5th Cir. 2009). In addition, a court's application of the Sentencing Guidelines does not give rise to a constitutional issue capable of § 2255 review. Van Velkinburgh was not sentenced above Section 2422(b) statutory limit of life imprisonment; therefore his sentence was not a violation of the Constitution or laws of the United States, beyond the District Court's jurisdiction to impose, or in excess of the statutory maximum provided for the offense. As such, his sentence is not subject to collateral review under § 2255. *See, Seyfert*, 67 F.3d at 546.

### Claims of Ineffective Assistance of Counsel in other Cases

Van Velkinburgh claims that his counsel was ineffective in other cases. This argument is meritless. The court cannot judge counsel's performance in the present case based upon his actions in other cases. As discussed above, counsel performed admirably in defending Van Velkinburgh in a

case where the government had overwhelming proof of his guilt. Counsel performed superbly at trial, at sentencing, and on appeal. After Van Velkinburgh's rejection of counsel's advice to plead guilty, counsel made "the adversarial testing process work in [this] case" and assured that Van Velkinburgh received "a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984).

## Conclusion

In sum, none of the movant's claims has merit, and the instant motion to vacate, set aside, or correct Van Velkinburgh's sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 18th day of February, 2014.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**